OPINION
Defendant-appellant Richard Mushrush takes this appeal from the judgment of the Marysville Municipal Court finding him guilty of operating a motor vehicle while impaired.
On September 3, 1998, Appellant was pulled over to the side of the road. The vehicle was located on an exit ramp off of State Route 33. Two police officers spotted the car and stopped to investigate any possible problem. After speaking with Appellant, the officers asked him to take a series of field sobriety tests. At the conclusion of the tests, the officers arrested Appellant for driving while impaired. A blood alcohol concentration (BAC) test was given later. Appellant's BAC was .098%. On January 27, 1999, a jury trial was held on the charge. The jury returned a verdict of guilty. It is from this judgment that Appellant appeals.
Appellant raises the following assignments or error.
 There was no evidence that Appellant had operated a motor vehicle as defined by R.C. 4511.19.
 The arresting officers had no reasonable and articulable suspicions that would justify a subsequent detention and arrest of Appellant.
 The conviction of Appellant was against the manifest weight of the evidence.
In the first assignment of error, Appellant claims that there was no evidence that he had operated the vehicle. R.C. 4511.19
states in pertinent part:
 (A) No person shall operate any vehicle * * * within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse.
Here, Appellant testified that he had consumed a couple of beers and then driven from the Bellefontaine area to Marysville where the officers found him. Appellant then testified that he had only been out of his car for a short period of time. Based upon this evidence, the jury could reasonably conclude that Appellant had operated the vehicle while under the influence of alcohol. Thus, the first assignment of error is overruled.
The second assignment of error asserts that the officers had no reason to stop Appellant. However, this argument ignores the fact that the officers did not stop Appellant. He had stopped beside the road with car trouble when the officers came upon him. Seeing a car pulled over on an exit ramp, the officers could reasonably have concluded that the driver was in need of assistance. "[A]n officer is obligated to render assistance to disabled vehicles or stranded motorists." State v. Vanderhoff (1995), 106 Ohio App.3d 21, 24, 665 N.E.2d 235, 237. The officers testified that after they stopped and talked to Appellant, they suspected he had been drinking. This suspicion was based upon the officer's observation that Appellant seemed disoriented and confused, had trouble walking, and stated that he had had a couple of drinks and was on medication. Once Appellant's behavior was observed, the officers had a reasonable and articulable suspicion for detaining Appellant and asking him to perform the field sobriety tests. The results of those tests then gave the officers probable cause to arrest Appellant. Thus, the second assignment of error is overruled.
For the final assignment of error, Appellant claims the conviction was against the manifest weight of the evidence. When reviewing a criminal conviction, the court's examination of the record is limited to determining if evidence was presented, which if believed, could satisfy the average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,263, 574 N.E.2d 492. "In conducting this evaluation, we must view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at 274, 574 N.E.2d at 504.
Here, the officers testified that they stopped to assist Appellant. While speaking with him, they saw signs that Appellant was intoxicated. The officers then testified that Appellant performed field sobriety tests and performed them poorly. Based upon the results of those tests, the officers arrested Appellant. Appellant was given a BAC test and the result was .098%. Appellant admitted that he had been driving the vehicle after drinking a couple of beers. Viewing the testimony in a light most favorable to the prosecution, a rational juror could find that Appellant had been operating the vehicle while intoxicated. Therefore, the third assignment of error is overruled.
The judgment of the Marysville Municipal Court is affirmed.
Judgment affirmed.
HADLEY and SHAW, JJ., concur.